**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BENJAMIN J. BROKAW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-1373-NJR** |
| | ) | |
| | ) | |
| **STEPHEN JOHNSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Benjamin J. Brokaw filed this civil rights lawsuit alleging deprivations of his constitutional rights.[1] He is being held at Chester Mental Health Center, but he has not apprised the Court as to his status (civil detainee, pre-trial detainee, or prisoner). Regardless of his status, Brokaw seeks to proceed *in forma pauperis* (Doc. 2) and, thus, the Court must conduct a preliminary review of his Complaint. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

---

[1] Although Brokaw did not mark which statute he is pursuing his claims under, it is presumed he is filing his civil rights complaint pursuant to 42 U.S.C. § 1983 because he is housed at Chester Mental Health Center, a state facility.

## The Complaint

Brokaw makes the following allegations in the Complaint (Doc. 1):  On "October 18" in the day area of Chester Mental Health Center, Stephen Johnson hit Brokaw in the face, causing him to fall down. Brokaw alleges that he received a laceration and hip/back damage from the fall.

## Discussion

There are a number of issues with Brokaw's Complaint (Doc. 1). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007)). A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Brokaw's Complaint is too short and plain; in fact, it has scant details making it difficult to determine whether he states a claim against Johnson. It is not clear from the allegations exactly when this altercation occurred, i.e., whether it was on October 18 of this year or in a prior year. There are no specifics describing the altercation between Johnson and Brokaw. Most importantly, it is not clear whether Johnson was a state actor at the time of the altercation. In fact, on the section of the Complaint asking Brokaw whether Johnson was employed by the state, local, or federal government, he marked "No" (Doc. 1, p. 1). But liability under Section 1983 comes only from the specific deprivation of a constitutional right by a *state actor. Weinmann v. McClone*, 787 F.3d 444, 447 (7th Cir. 2015);

*Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009) ("When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law."). Without knowing whether Johnson was a state actor—or the specifics surrounding the altercation—it is unclear whether Brokaw states a viable claim. Thus, if he wants to pursue his claim against Johnson, Brokaw must file a First Amended Complaint. The Amended Complaint should identify who violated Brokaw's constitutional rights by name, whether that person worked for Chester Mental Health Center, and it should include a short description of how his rights were violated and when that violation took place.

<u>Disposition</u>

For these reasons, Brokaw's Complaint is **DISMISSED without prejudice** for failure to state a claim. He is **GRANTED** leave to file a "First Amended Complaint" on or before **January 11, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference

to any previous pleading, and Brokaw must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Brokaw is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Brokaw is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 14, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

4